*J. T. Mellett* and *W. March,* for appellant.

*J. Brown* and *R. L. Polk,* for appellee.

---

## PETRIE *v.* GROVER.

CONTRACT.—*Defective Work.—Acceptance.—Pleading.* — Where a complaint alleged that the defendant contracted to build walls and make the floor for a

cellar, to be water-tight, and that the plaintiff was to furnish the cement, which he had done, but, owing to the unskilfulness of the defendant, the walls and cellar floor were not water-tight; and the answer averred that the plaintiff had accepted the work, and given his note for the balance unpaid, which note was made a counter claim;

*Held,* that a reply was bad which admitted the execution of the note, but averred its only consideration to be the contract to build a cellar water-tight for the plaintiff, who was to furnish the cement, and that he had furnished fifty barrels of cement, but owing to the unskilfulness of the defendant, the cellar was not water-tight; the reply not alleging that fifty barrels were sufficient, or that the plaintiff did not know of the defect in the work when he gave his note.

APPEAL from the Cass Common Pleas.

PETTIT, J.—The appellee sued the appellant, alleging, in substance, that appellant agreed, for eight hundred dollars, to build the walls and floor of a cellar, water-tight, for appellee, he furnishing the hydraulic cement, and appellant to furnish all other materials and do the work; and alleging that he had paid the eight hundred dollars and furnished the cement, and that the work was done in an unskilful manner, and that the walls and floor were not water-tight, and claiming one thousand dollars damages.

The answer was, first, general denial; second, in substance, that after the work was done, there was a final settlement between the parties, and the work accepted by the plaintiff; and that he gave the defendant his note for one hundred and thirteen dollars, the balance due him for work done and materials furnished on and for said walls and floor; and the note growing out of the same transaction on which the suit was brought was pleaded as a counter claim, and judgment asked for its amount.

The reply was, first, the general denial; second, in substance, admits the execution of the note, but says that the only consideration for it was the agreement of appellant to build for appellee a cellar of stone, water-tight; that the appellee furnished for appellant fifty barrels of cement to be used in said work; that the appellant used it unskilfully, and the walls were not made water-tight, and therefore the consideration for the note had wholly failed. To the second para-

graph of the reply to the second paragraph of the answer, there was a demurrer for want of sufficient facts overruled, and exceptions taken; and this ruling is assigned for error. We hold that the reply was clearly bad, first, because it did not show that fifty barrels of cement (the plaintiff being bound to furnish the necessary amount) was sufficient to enable the defendant to make the cellar water-tight; second, because it does not show that appellee did not know of the defect in the work at the time of the final settlement and the giving of the note. The court erred in overruling the demurrer to this reply; and as all subsequent proceedings ought not to be in the record, we hold that they do not properly arise in it, and need not be noticed by us.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to sustain the demurrer of the appellant to the second paragraph of the appellee's reply to the second paragraph of the appellant's answer.

*C. D. Prott, N. O. Ross, R. P. Effinger,* and *R. Magee,* for appellant.